```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
MICHAEL CASERTO,                                                        :
                                                                        :
                            Plaintiff,                                  :      14-CV-7936 (JMF)
                                                                        :
             -v-                                                        :      MEMORANDUM OPINION
                                                                        :              AND ORDER
METRO-NORTH RAILROAD COMPANY,                                           :
                                                                        :
                            Defendant.                                  :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Michael Caserto, an electrician, sues his employer Metro-North Railroad Company ("Defendant" or "Metro-North") under the Federal Employers' Liability Act (the "FELA"), alleging that Defendant's negligence in failing to remedy or warn employees about loose ballast on a cable duct used by many employees as a walkway in one of Defendant's railway yards caused him injuries. Defendant moves to preclude Plaintiff's proposed expert witness, Dr. Victor Kelmanovich, and for summary judgment. Upon review of the parties' submissions, Defendant's motions are both DENIED.

Defendant's motion to preclude the testimony of Dr. Kelmanovich is easily rejected. First, to the extent that Defendant objects to the nature and extent of Dr. Kelmanovich's disclosures, the objections are misplaced as the disclosures plainly pass muster under the less rigorous standards that apply to treating physicians. *See* Fed. R. Civ. P. 26(a)(2); *Roman v. Sprint Nextel Corp.*, No. 12-CV-276 (VEC), 2014 WL 5026093, at *10 (S.D.N.Y. Sept. 29, 2014); *DeRienzo v. Metro. Transp. Auth.*, 694 F. Supp. 2d 229, 236 (S.D.N.Y. 2010). More broadly, although there is some substance to Defendant's complaint that Dr. Kelmanovich's

report is thin in disclosing his underlying methodology (*see* Mem. Law Supp. Mot. To Preclude Dr. Kelmanovich & Summ. J. (Docket No. 26) 16), that is not a basis to preclude his opinion testimony in this case.  Dr. Kelmanovich's causation opinions are based on a thorough review of Plaintiff's medical history and reasonable inferences from that history, Plaintiff's reported injuries, and treatment results.  In fact, the causal connection between the incident at issue and Plaintiff's injuries — an immediately swollen ankle followed by blisters on the same foot that became infected (due, perhaps in part, to Plaintiff's vulnerabilities as a diabetic with a history of orthopedic problems) — would arguably "be obvious to the layman." *Tufariello v. Long Island R.R. Co.*, 458 F.3d 80, 88 (2d Cir. 2006) (internal quotation marks omitted); *see Roman*, 2014 WL 5026093, at *11; *Romanelli v. Long Island R.R. Co.*, 898 F. Supp. 2d 626, 631 (S.D.N.Y. 2012).  To the extent that Defendant takes issue with Dr. Kelmanovich's conclusions, its objections ultimately go to the weight of his testimony, not its admissibility.  *See, e.g.*, *McCullock v. H.B. Fuller Co.*, 61 F.3d 1039, 1044 (2d Cir. 1995) ("Disputes as to the strength of [an expert's] credentials, faults in his use of different etiology as a methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.").

      In light of the standards applicable to summary judgment generally, *see, e.g.*, *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, — F. Supp. 3d —, No. 14-CV-3419 (JMF), 2016 WL 70026, at *2 (S.D.N.Y. Jan. 6, 2016), and to summary judgment on claims under the FELA in particular, *see, e.g.*, *CSX Transp., Inc. v. McBride*, 131 S. Ct. 2630, 2636 (2011); *Williams v. Long Island R.R. Co.*, 196 F.3d 402, 407 (2d Cir. 1999); *Syverson v. Consol. Rail Corp.*, 19 F.3d 824, 826 (2d Cir. 1994), Defendant's motion for summary judgment is also easily rejected.  Put simply, there are disputes of material fact with respect to the issues of notice, foreseeability, and causation.  Among other things, Kirk Fleming and Christopher Giuliani, the railway yard

superintendent and foreman, respectively, both testified that they were aware that Metro-North employees used the cable duct as a walkway and that pieces of ballast ended up on the duct. (*See* Pl.'s Mem. Opp'n Metro North's Mot. Summ. J. (Docket No. 27) ("Pl.'s Mem."), Ex. 6, at 17; *id.*, Ex. 2, at 5, 19, 21; *id.*, Ex. 7, at 5, 21, 25-26). Given that, and common sense, a reasonable jury could find that Defendant was on notice of an unreasonably dangerous condition, that the risk of ankle injury was reasonably foreseeable, and that Defendant's negligence (in failing to remedy the condition and failing to warn) was a cause of Plaintiff's injuries. *See, e.g.*, *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 503 (1957) (holding that evidence of a work surface covered by uneven gravel supported a jury finding of negligence); *Williams*, 196 F.3d at 407 (failing to remedy slippery railroad ties the railroad knew or should have known employees frequently used as makeshift steps was potentially negligent); *Parson v. CSX Transp., Inc.*, 714 F. Supp. 2d 839, 844 (N.D. Oh. 2010) (denying the defendant's motion for summary judgment because uneven ballast was potentially dangerous).[1] To be sure, there is evidence supporting Defendant's arguments — including, for example, Plaintiff's own statements in applications for disability benefits that his injuries were not work-related (which would be admissible pursuant to Rule 801(d)(2) of the Federal Rules of Evidence, albeit not for mitigation of damages, *see, e.g.*, *Mills v. Energy Transp. Corp.*, 29 F. App'x 744, 745 (2d Cir. 2002) (summary order)). But it is for a jury at trial, not this Court on summary judgment, to decide if those arguments carry the day.

---

[1]   In his memorandum of law in opposition to the motion for summary judgment, Plaintiff contends that Defendant was negligent not only in failing to cure the condition and to warn, but also in failing to properly evaluate his fitness to work. (Pl.'s Mem. 6-8). That theory of negligence, however, is absent from Plaintiff's Complaint. (*See* Compl. (Docket No. 4) ¶¶ 14-15). As a party may not amend a complaint through his memorandum of law in opposition to summary judgment, *see, e.g.*, *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998), Plaintiff may not pursue that theory of negligence, *see Lyman v. CSX Transp., Inc.*, 364 F. App'x 699, 701 (2d Cir. 2010) (summary order) (affirming the district court's decision not to reach negligent assignment claim raised for the first time in opposition to summary judgment).

For the foregoing reasons, Defendant's motions for summary judgment and to preclude Dr. Kelmanovich's testimony are DENIED.  Per the Case Management Plan and Scheduling Order (Docket No. 9), **within thirty days** of this Memorandum Opinion and Order, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Rule 26(a)(3) of the Federal Rules of Civil Procedure.  The parties shall also follow Paragraph 5 of the Court's Individual Rules and Practices, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.  Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Rule 51(a)(2)(A) of the Federal Rules of Civil Procedure.  If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.  Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks after the Joint Pretrial Order is filed.

Finally, if the parties are interested in a settlement conference before Magistrate Judge Maas, they shall so advise the Court by joint letter as soon as possible.

The Clerk of Court is directed to terminate Docket No. 23.

SO ORDERED.

Date: February 2, 2016
New York, New York

_____
JESSE M. FURMAN
United States District Judge